**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

HARRY GLENN DESCHANE,　　　　　　　　Case No. 6:05-bk-15867-ABB
　　　　　　　　　　　　　　　　　　　　Chapter 7
　　Debtor.
_____/

EXECUJET CHARTER SERVICE, INC.,

　　Plaintiff,　　　　　　　　　　　　Adv. No. 6:06-ap-00023-ABB
vs.

HARRY GLENN DESCHANE,

　　Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint to Deny Dischargeability of a Debt Under 11 U.S.C. § 523(a)(2)(A) ("Complaint") (Doc. No. 1) filed by Execujet Charter Service, Inc., a creditor and the Plaintiff herein ("Plaintiff"), against Harry Glenn Deschane, the Debtor and Defendant herein (the "Debtor"). A final evidentiary hearing was held on October 23, 2006 at which a representative of the Plaintiff, counsel for the Plaintiff, and counsel for the Debtor appeared. The Debtor did not appear. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

### FINDINGS OF FACT

The Debtor filed an individual Chapter 7 bankruptcy case on October 14, 2005. The Plaintiff asserts a claim against the Debtor in the principal amount of $10,455.26

arising from charter aircraft services provided by the Plaintiff to the Debtor's company Air Florida Charter, Inc. in January 2005. The Debtor authorized the Plaintiff to charge a Visa credit card[1] for the charters, but the charges were declined by the credit card issuer due to insufficient credit. The Plaintiff contends the Debtor personally guaranteed payment of the charters and obtained a state court Final Default Judgment ("Judgment") against the Debtor and his company pre-petition by default in the amount of $10,455.26 plus interest.

The Complaint requests a determination the Judgment debt is nondischargeable based upon the Debtor's fraud. Copies of the Credit Card on File Authorization and Judgment are attached to the Complaint as exhibits. The Plaintiff contends the Debtor knew the credit card had insufficient credit when he booked the charters and obtained Plaintiff's services through fraud. The Debtor filed an Answer (Doc. No. 22) addressing each of the numbered paragraphs of the Plaintiff's Complaint. The Debtor specifically denied all allegations relating to fraud and non-dischargeability of the debt. He asserts in his Answer "he advised Execujet at the time it requested the information that there was insufficient availability of credit on the account." Answer at ¶ 9. This assertion constitutes an affirmative defense.

Neither party offered any documentary evidence. The Judgment and Credit Card on File Authorization shall be deemed admitted. The Plaintiff relied upon the Judgment to establish the elements of fraud. The Judgment does not set forth the elements of a claim for fraud or specific findings each element was met. The Judgment does not set forth a basis for excepting the Judgment debt from discharge.

---

[1] The Credit Card on File Authorization sets forth a Visa with "card number 4115071524592032, expiration date 04/06" was to be charged. The evidence presented does not reflect the name of the cardholder.

The Plaintiff's charter manager disputed the Debtor's Answer and testified he was not aware the credit card account presented by the Debtor had insufficient credit. The Plaintiff rebutted the Debtor's defense "he advised Execujet at the time it requested the information that there was insufficient availability of credit on the account." The Plaintiff did not know when it provided the charter services the card lacked sufficient credit.

The Plaintiff relied upon the Credit Card on File Authorization in providing services for the Debtor, but it presented no evidence its reliance was justified. The Plaintiff has not established the Debtor made a false representation with the intent to deceive the Plaintiff and the Plaintiff justifiably relied on the misrepresentation. The Plaintiff has not established each of the elements for nondischargeability of the Judgment debt based on fraud. The Debtor received a discharge on February 7, 2006 (Main Case Doc. No. 22). The indebtedness owed by the Debtor to the Plaintiff is dischargeable.

## CONCLUSIONS OF LAW

The Plaintiff challenges the dischargeability of the Judgment debt pursuant to 11 U.S.C. § 523(a)(2)(A). The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005 (2005).

A chapter 7 discharge does not discharge an individual debtor from a debt to the extent such debt is obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. §523(a)(2)(A) (2005). To establish fraud pursuant to §523(a)(2)(A), courts have

generally required a plaintiff to establish the traditional elements of common law fraud. A plaintiff must prove the following elements: (i) the debtor made a false representation to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor sustained a loss as a result of the misrepresentation. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998).

The reliance upon the debtor's false representation must be justified. Field v. Mans, 516 U.S. 59, 73-5, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995) (establishing § 523(a)(2)(A) requires justifiable reliance rather than the former standard of reasonable reliance). Whether such reliance was justified is determined by a subjective test. City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277, 281 (11th Cir. 1995). "Justifiable reliance is gauged by an individual standard of the plaintiff's own capacity and the knowledge which he has, or which may fairly be charged against him from the facts within his observation in the light of his individual case." Id. (quoting W. PAGE KEETON, PROSSER & KEETON ON TORTS §108, at 751 (5th ed. 1984)).

The Debtor specifically denied all averments in the Plaintiff's Complaint relating to fraud and non-dischargeability of the Judgment debt. The Plaintiff's averments are denied pursuant to Federal Rule of Civil Procedure 8(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7008. The Debtor contends as a defense in ¶ 9 of his Answer "he advised Execujet at the time it requested the information that there was insufficient availability of credit on the account." The defense can be construed as an affirmative defense. Fed. R. Civ. P. 8(c) (2005); Emergency One, Inc. v. Am. Fire Eagle Engine Co., 332 F.3d 264, 272 (4th Cir. 2003). The party pleading an

affirmative defense carries the burden of proving it. FTC v. Nat'l Bus. Consultants, Inc., 376 F.3d 317, 322 (5th Cir. 2004).

The Plaintiff has not established the elements for non-dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A). The Plaintiff indicated it relies upon the Judgment to establish non-dischargeability; the Judgment, however, does not establish a basis for excepting the debt from discharge. The Judgment does not set forth the elements of a claim for fraud or specific findings each element was met.

The Plaintiff has not established the elements of fraud through any evidence. The Debtor's affirmative defense contained in his Answer was rebutted by the Plaintiff. The Debtor offered no proof in support of his affirmative defense. The Plaintiff, however, did not present sufficient evidence to establish by a preponderance of the evidence the Debtor presented the credit card authorization with the intent to deceive the Plaintiff. It presented no evidence establishing its reliance upon the Credit Card on File Authorization was justified.

The Plaintiff has not established the Judgment debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). The debt is dischargeable.

A separate judgment in favor of the Debtor/Defendant and against the Plaintiff consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 14th day of November, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge